IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 7:13cr75 |
| ) | |
| ) | By: Michael F. Urbanski |
| DILLON RAY GRIMES, ) | |
| Defendant ) | Chief United States District Judge |

**MEMORANDUM OPINION**

This matter comes before the court on defendant Dillon Ray Grimes' motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 46, and his amended motion, ECF No. 51. The government opposes Grimes' motion, ECF No. 54. Because the court finds that Grimes has not demonstrated that extraordinary and compelling reasons exist to warrant his release, the court will **DENY** Grimes' motions.

I.

On December 19, 2013, Grimes pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). On March 19, 2014, Grimes was sentenced to 120 months' imprisonment and has a projected good conduct time release date of October 8, 2021. Grimes is currently housed at FCI Gilmer.

On May 13, 2020, Grimes filed a pro se motion for compassionate release, and on June 11, 2020, he filed an amended motion. In his amended motion, Grimes states that he submitted a request for compassionate release to the warden of FCI Gilmer on June 11, 2020.

1

Grimes asks the court to reduce his sentence for two reasons: (i) he has demonstrated extraordinary rehabilitation while incarcerated; and (ii) the spread of COVID-19.

## II.

In general, a "court may not modify the term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, creates an exception to this rule and authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Grimes' requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and, (3) if so, if the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction.

    i.    <u>The government has waived the exhaustion requirement.</u>

The provision allowing defendants, in addition to the Bureau of Prisons (BOP), to bring motions under § 3582(c) was added by the First Step Act in order to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). While the statute allows a defendant to bring the motion before the district court, a petitioner must first exhaust his administrative remedies. See 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" Id. The first condition requires that the defendant fully exhaust all administrative rights – this means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded.

Here, Grimes argues that he exhausted his administrative remedies because he made a written request to the warden on June 11, 2020 for compassionate release, the exact day he filed his amended motion for compassionate release with this court. Grimes argues that he will have exhausted his administrative rights on July 11, 2020, after thirty days has lapsed. The court disagrees. Because Grimes had not yet heard a response from the warden, nor allowed the thirty days to lapse without a response before filing his motion, he has not satisfied the requirements of § 3582(c)(1)(A). However, the government has waived such a requirement.

This court has previously found that the exhaustion requirement does not operate as a jurisdictional bar under § 3582(c)(1)(A). See United States v. Crawford, No. 2:03-cr-10084, 2020 WL 2537507, at *1, n.1 (W.D. Va. May 19, 2020); see also United States v. Russo, ___ F.Supp.3d ___, 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). Because the exhaustion requirement is not jurisdictional, it operates as a claims-processing rule and can be waived. See e.g., Crawford, 2020 WL 2537507, at *1 (finding that the exhaustion requirement has been waived where the government failed to raise exhaustion as a ground for denying the motion); Russo, 2020 WL 1862294, at *5 ("one key consequence of [§ 3582(c)(1)(A)] not being jurisdictional is that the Government can waive the affirmative defense of exhaustion."); see also United States v. Alam, ___F.3d ___, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding that the exhaustion requirement is a mandatory claims-processing rule that has two exceptions: waiver and forfeiture) (citing United States v. Cotton, 535 U.S. 625, 630 (2002)). In its brief in opposition, the government states "this Court lacks jurisdiction to consider his Motion until July 11, 2020." ECF No. 54, at 5. Because it is now after July 11, 2020, the court finds that the government has waived the exhaustion requirement.

ii. Grimes does not present extraordinary and compelling reasons to warrant a sentence reduction.

Because the government has waived the exhaustion requirement, the court must then consider if it should "reduce the term of imprisonment." See 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("USSG") advises that a court should consider three issues before turning to the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable: (1) whether extraordinary and compelling reasons warrant the reduction; (2) whether the inmate is a danger to the community, as provided in 18 U.S.C. § 3142(g); and (3)

4

whether such a reduction is consistent with the policy statement. USSG § 1B1.13. The USSG § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" other than, or in combination with, the reasons described in Application Notes (A)-(C). Id., at cmt. n. 1(A)-(D).

This court has previously "join[ed] the many other district courts that have concluded that 'a court may find, independent of any motion, determination or recommendation by the BOP Director, that extraordinary and compelling reasons exist based on facts and circumstances other than those set forth in U.S.S.G. § 1B1.13 cmt. n.1(A)-(C).'" United States v. Lee, No. 1:95-cr-58, 2020 WL 3422772, at *3 (E.D. Va. June 22, 2020) (quoting United States v. Redd, No. 1:97-cr-6, 2020 WL 1248493, at *8 (E.D. Va. Mar. 16, 2020) (collecting cases)); see also United States v. Jackson, No. 5:02-cr-30020, 2020 WL 2735724, at *3 (W.D. Va. May 26, 2020). While the court is not constrained by the policy statement, the court finds that it still provides guidance and the petitioner must demonstrate that extraordinary and compelling reasons warrant his release.

Here, Grimes fails to make such a showing. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized

5

risk of contracting the disease at his prison facility." United States v. Harper, No. 7:18-cr-00025, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020). Grimes acknowledges in his motion that he has no health conditions that make him more susceptible to COVID-19 or at a greater risk of contracting the disease while incarcerated. The fact that FCI Gilmore has positive cases of COVID-19 alone is insufficient to establish extraordinary and compelling reasons to warrant release. See United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020) ("[t]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").

Grimes further argues that his rehabilitation during his time of incarceration is sufficient to establish extraordinary and compelling reasons to warrant his release. Grimes identifies one case from the Southern District of New York where the district court granted compassionate release for an individual serving a life sentence based on the defendant's "extraordinary rehabilitation, together with his remorse and contrition, his conduct as model prisoner and man of extraordinary character, his leadership in the religious community at FCI Fairton, his dedication to work with at-risk youth and suicide prevention, and the support of BOP staff at FCI Fairton . . . ." United States v. Millan, No. 91-cr-685, 2020 WL 1674058, at *15 (S.D.N.Y. Apr. 6, 2020). The court notes that while Grimes highlights some similarities with Millan, namely his rehabilitation and status as a model prisoner, the similarities end there. First, while Millan was decided during the current COVID-19 pandemic, the relief was not granted based on the risk of the defendant contracting the disease; indeed, the opinion does not even mention the COVID-19 pandemic. Second, the district court found that the defendant demonstrated extraordinary and compelling reasons not only based on his

rehabilitation and status as a model prisoner, but also in addition to his remorse, leadership in his prison, involvement with at-risk youth and suicide prevention, and support of the BOP staff at his prison. The district court also relied on finding that Millan's continued incarceration would result in "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Id. (citing 18 U.S.C. § 3553(a)).

This court commends Grimes for his efforts with regard to rehabilitation while incarcerated, including his selection to perform community service for the Gilmer County Recreation Center. However, "[r]ehabilitation, standing alone, 'shall not be considered an extraordinary and compelling reason' for a sentence modification." United States v. Graves, No. 7:16-cr-56, 2020 WL 2847631, at *2 (W.D. Va. June 2, 2020) (quoting 28 U.S.C. § 994(t)). Grimes has not demonstrated the additional factors that the Millan court relied on, including the support of the BOP staff at his prison and the unwarranted sentence disparities. Accordingly, the court finds that Grimes has failed to establish that extraordinary and compelling reasons exist to warrant a reduction in his sentence.[1]

### III.

For the reasons stated herein, the court **DENIES** Grimes' motions for compassionate release, ECF No. 46, 51. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

---

[1] Because the court finds that Grimes has not presented extraordinary and compelling reasons to warrant a reduction in his sentence, it need not determine if the § 3553(a) factors weigh in favor of his release.

7

It is so **ORDERED**.

Entered: July 21, 2020

*/s/ Michael F. Urbanski*

Mike Urbanski
cn=Mike Urbanski, o=US Courts,
ou=Western District of Virginia,
email=mikeu@vawd.uscourts.gov, c=US
2020.07.21 15:56:59 -04'00'

Michael F. Urbanski
Chief United States District Judge

8